```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


BRIAN W. SAMUELS,               :
                                :    Civil Action No. 08-5409 (JAP)
            Petitioner,         :
                                :
       v.                       :    OPINION
                                :
STATE OF NEW JERSEY,            :
                                :
            Respondent.         :
```

**APPEARANCES:**

    BRIAN W. SAMUELS, Petitioner pro se
    1 Waterworks Road
    Freehold, New Jersey 07728

**PISANO**, District Judge

This matter is before the court pursuant to a petition for a writ of habeas corpus under 28 U.S.C. § 2254, filed by petitioner Brian W. Samuels ("Samuels"), on or about October 31, 2008. Petitioner did not submit an application to proceed in forma pauperis, nor did he pay the requisite $5.00 filing fee. For the reasons stated below, however, the petition will be dismissed without prejudice at this time for failure to exhaust state court remedies.

## I.  BACKGROUND

According to the allegations contained in the petition, Samuels is a state prisoner who allegedly was convicted on January 25, 2002. He further contends that the New Jersey Supreme Court "reversed for the purpose of correction" on January 31, 2007. Samuels claims that there was insufficient evidence

"to warrant a true bill for any crime other than conspiracy to distribute possible narcotics (which were never discovered) and aiding and abetting a convicted felon to possess a weapon and simple assault.  At no time did any of the two accused parties announce a robbery or intention to rob.  Hence the prosecution maliciously and vindictively altered the truth."  (Petition at pg. 2).

Samuels attaches several pages from the Monmouth County Grand Jury hearing transcript dated July 20, 2000, which indicate an offense date of May 4, 2000, and which contains the testimony of a police officer Jeff Pilone, a patrolman with the Long Branch Police Department.  The New Jersey Department of Corrections offender search indicates that Samuels was sentenced on February 13, 2009, to an aggregate prison term of 40 years for the offenses of aggravated assault, robbery, and resisting arrest and eluding police occurring on May 4, 2000.  It also shows that Samuels was sentenced on July 26, 2002 to four years in prison for another offense occurring on the same date of May 4, 2000.  He had been incarcerated from July 26, 2002 until February 16, 2007 for that offense.

In his petition, it appears that Samuels is alleging that a new indictment charging him with robbery was issued sometime after his initial trial in 2002.  Samuels states that he filed a motion to dismiss that indictment for lack of jurisdiction, on

August 15, 2008, in state court.  The state court judge presiding in that criminal proceeding denied Samuels' motion on August 15, 2008.

Consequently, it appears from the face of Samuels' petition and his allegations that his state criminal proceedings were still pending at the time he filed this federal habeas petition under 28 U.S.C. § 2254.  Moreover, since the filing of this habeas petition, Samuels has been convicted and sentenced for the robbery offense, which he challenges in his habeas petition.  He does not indicate that he has filed any direct appeal from his state court conviction.

## II.  ANALYSIS

### A.  Pro Se Pleading

Samuels brings his habeas petition as a pro se litigant.  A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

B.  <u>Exhaustion Analysis</u>

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or ... circumstances exist that render such process ineffective ... ."[1]  28 U.S.C. § 2254(b)(1).  <u>See also</u> <u>Rose v. Lundy</u>, 455 U.S. 509, 515 (1982); <u>Lambert v. Blackwell</u>, 134 F.3d 506, 513 (3d Cir. 1997), <u>cert. denied</u>, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism.  <u>Granberry v. Greer</u>, 481 U.S. 129 (1987); <u>Rose</u>, 455 U.S. at 516-18.  Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review.  <u>Rose</u>, 455 U.S. at 519.

---

[1] Exhaustion of state remedies has been required for more than a century, since the Supreme Court's decision in <u>Ex parte Royall</u>, 117 U.S. 241 (1886).  The exhaustion doctrine was first codified at 28 U.S.C. § 2254 in 1948, <u>see</u> <u>Rose v. Lundy</u>, 455 U.S. 509, 516-18 (1982), and was the subject of significant revisions in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. 104-132, 110 Stat. 1217 (April 24, 1996).

A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings.  See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838 (1999) (requiring "state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Ross v. Petsock, 868 F.2d 639 (3d Cir. 1989); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.")  Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied. Picard v. Connor, 404 U.S. 270, 275 (1971); Castille v. Peoples, 489 U.S. 346, 350 (1989).

The petitioner generally bears the burden to prove all facts establishing exhaustion.  Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993).  This means that the claims heard by the state courts must be "substantial equivalent[s]" of the claims asserted in the federal habeas petition.  Picard, 404 U.S. at 275.  Reliance on the same constitutional provision is not sufficient; the legal theory and factual predicate must also be the same.  Id. at 277.

Where any available procedure remains for the applicant to raise the question presented in the courts of the state, the applicant has not exhausted the available remedies.  28 U.S.C. § 2254(c).

In the present case, the petition, on its face, shows that Samuels has failed to exhaust his state court remedies with respect to the challenged state court conviction and sentence. Samuels admits in his petition that his state criminal proceedings were pending at the time he filed this habeas action, and that he had filed a motion in state court to dismiss his indictment, which was denied on August 15, 2008.  He was thereafter convicted and sentenced on February 13, 2009 on the robbery offense challenged in his petition.  Consequently, it is plain that Samuels had not filed any direct appeal from his conviction and sentence before instituting this habeas action.

As a matter of comity then, it is best left to the New Jersey courts to determine Samuels' unexhausted claims on direct appeal, which he has yet to file.  Therefore, based on the allegations represented by Samuels in his petition, it is obvious that petitioner's claims for habeas relief in this instance have not been fully exhausted before the highest court in New Jersey, and that petitioner has yet to file for direct review of his claims in state court.  Accordingly, the Court is constrained to dismiss the entire petition, without prejudice, for failure to

exhaust as required under 28 U.S.C. § 2254.  See Rose, 455 U.S. at 510.

### III.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 1537 U.S. 322 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find the court's procedural disposition of this case debatable.  Accordingly, no certificate of appealability will issue.

## IV.   CONCLUSION

For the foregoing reasons, this Court finds that Samuels has failed to exhaust his available state court remedies or to allege facts sufficient to excuse failure to exhaust.  The court therefore will dismiss without prejudice the § 2254 habeas petition for failure to exhaust available state court remedies.

No certificate of appealability will issue, insofar as petitioner has failed to make a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).


/s/   JOEL A. PISANO
United States District Judge

DATED:   July 6, 2009